



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Cleveland Field Office**

AJC Federal Building
1240 East Ninth Street, Suite 3001
Cleveland, OH  44199
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
ASL Video Phone: 1-844-234-5122
Telephone: (216) 306-1120
FAX (216) 522-7395
Website:  www.eeoc.gov

EEOC Charge Number: 493-2024-01546

Valerie Trissel                                     Charging Party
3421 Limerick Rd.
Clyde, OH 43410

Stevens Engineers and Constructors, Inc.          Respondent
Stevens Painton Corporation
7850 Freeway Road, Suite 100
Middleburg Heights, OH 44130

## DETERMINATION

Under the authority vested in me by the U.S. Equal Employment Opportunity Commission (EEOC or Commission), I issue the following determination as to the merits of the above-referenced Charge of Discrimination.  All requirements for coverage have been met.

Charging Party was employed by Respondent as a general foreman beginning in approximately July 2023.  Charging Party alleges that Respondent engaged in discriminatory practices, on an individual and class-wide basis, because of sex and/or race in violation of Title VII of the Civil Rights Act of 1964 (Title VII).  Charging Party also alleges violations of the Equal Pay Act of 1963 (EPA) and unlawful retaliation.

Respondent is an employer that provides industrial design and building services.

Information gathered shows that Respondent discriminated against Charging Party on the basis of sex when it subjected her to a hostile work environment, disparate or unfavorable terms and conditions of employment, disparate pay, and termination, in violation of Title VII.  Further, Respondent violated the EPA when it deprived Charging Party of equal pay for equal work. After Charging Party engaged in protected activity by opposing and/or complaining about such matters, Respondent took materially adverse action against her.

Additionally, data and information gathered show since at least 2021, Respondent has engaged in unlawful discrimination on the basis of race and/or sex that has aggrieved a class of workers in violation of Title VII.  For example, information gathered shows that Respondent discriminated against a class of women and Black workers by subjecting them to a hostile work environment, including racial slurs and sex harassment, disparate or unfavorable terms and conditions of employment, disparate pay, and termination.  Further, workers who engaged in protected activity were subjected to unlawful retaliation.  Respondent also engaged in class-wide EPA violations when it deprived women of equal pay for equal work including, but not limited to, women who performed work in the categories of journeyman, foreman, and general foreman.



Information gathered shows that Respondent failed to establish viable and/or credible defenses and that reasons asserted by the company for its conduct are pretextual.

Based on the foregoing, I have determined that there is reasonable cause to believe that Respondent discriminated against Charging Party on the basis of sex in violation of Title VII when it subjected her to a hostile work environment, disparate or unfavorable terms and conditions of employment, disparate pay, and termination, and that Respondent violated Title VII when it subjected Charging Party to unlawful retaliation.  Additionally, I have determined that there is reasonable cause to believe that Respondent violated the EPA when it deprived Charging Party of equal pay for equal work and retaliated against her because she engaged in protected activity as defined by the EPA.

Based on the foregoing, I also have determined that there is reasonable cause to believe that, since at least 2021, Respondent has discriminated against a class of workers on the basis of sex and/or race including intersectional discrimination, and/or engaged in a pattern or practice of such discrimination, in violation of Title VII by subjecting them to a hostile work environment, disparate or unfavorable terms and conditions of employment, disparate pay, and termination, and that Respondent violated Title VII by subjecting a class of employees to unlawful retaliation.

Based on the foregoing, I also have determined that there is reasonable cause to believe that, since at least 2021, Respondent has deprived a class of women of equal pay for equal work, in violation of the EPA, as described above.

Upon finding reasonable cause to believe that unlawful employment practices have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation.  Conciliation is Respondent's opportunity to voluntarily remedy the unlawful employment practices found to have occurred.  Ultimately, any Conciliation Agreement must be acceptable to the Commission. The Commission will contact the parties shortly regarding conciliation efforts.

On behalf of the Commission:

Dilip Gokhale
Director

November 21, 2024
Date